In re Lee O. HARRISON, Debtor.

Cordelia F. HARRISON, Plaintiff,

v.

Lee O. HARRISON, Defendant.

Bankruptcy No. 3–87–00423.
Adv. No. 3–87–0113.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 29, 1988.

Dennis E. Stegner, Springfield, Ohio, for defendant.

Jack P. Reynard, Jr., Springfield, Ohio, for plaintiff.

## ORDER AND DECISION DETERMINING DEBT TO BE DISCHARGEABLE

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon plaintiff's objections to discharge of an obligation arising out of a divorce and alimony judgment awarding plaintiff judgment for $12,800 in a judgment against defendant, the debtor in this case. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This matter is a core proceeding which the court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(I).

The parties have submitted the proceeding to the court for decision upon the pleadings, memoranda of counsel, state court transcript of decision, stipulations of fact, and the judgment entry of divorce.

### FINDINGS OF FACT

The parties have stipulated the following facts:

1. The parties' divorce was finalized on June 5, 1986 in the Clark County Common Pleas Court with Judge Gerald F. Lorig presiding.

2. There were no children born issue of the marriage of the parties, which took place on February 14, [1984].

3. At the time of the divorce, Plaintiff's age was 33 years and Defendant's age was 53 years.

4. Defendant was not working at the time of the divorce due to an injury and was receiving workman's compensation at the rate of $321.00 per week and continues to receive same at the time of the filing of Stipulation of Facts. Defendant suffers from epileptic seizures and his physicians have not, to date, released him to return to work.

5. Plaintiff was not working at the time of the divorce and was not receiving any income at that time. Plaintiff had been previously employed at various jobs prior to the divorce.

6. Defendant completed the ninth grade of schooling and Plaintiff graduated from high school and has completed one and a half to two years of college nursing training.

7. Defendant purchased dwelling at 1259–1261 South Western Avenue, Springfield, Ohio in 1961 at a purchase price of $2,500.00 and the deed to same was in only Defendant's name. Defendant was awarded said real property at the time of the divorce from Plaintiff herein which was valued at $5,500.00 due to improvements made by Defendant to said property.

8. Defendant purchased real property known as 1408 West Perrin Avenue, Springfield, Ohio in approximately 1977 at a purchase price of $2,000.00 and the deed to same was in only Defendant's name. Defendant was awarded said real property at the time of the divorce from Plaintiff herein which was valued currently at $500.00 since there is only an empty shell standing at that address with no sewer line and no gas.

9. Defendant purchased real property known as 1213–1215 South Western Ave-

nue, Springfield, Ohio during the period of separation of the parties herein at a purchase price of $4,500.00 with a mortgage thereon for $10,000.00. Defendant was awarded said real property at the time of the divorce from Plaintiff herein and the deed to same is in Defendant's name only.

10. Plaintiff was awarded a 1975 Pontiac in the divorce from Defendant herein. Defendant purchased this vehicle in 1985 at a purchase price of $800.00.

11. The marital debts of the parties were not mentioned in the divorce of the parties herein nor included in the Judgment Entry in the divorce and Defendant herein was to be responsible for all such debts and obligations resulting from the marriage of the parties.

12. Plaintiff herein was involved in an automobile accident in 1985 while the parties were married and received a $20,000.00 insurance settlement check made payable to both Plaintiff and Defendant herein. There was full testimony about the use of this insurance settlement money during the divorce trial and the trial Judge awarded a judgment against Defendant herein in favor of the Plaintiff herein for $12,800.00 and Plaintiff herein was granted a lien on the real estate awarded to the Defendant in the divorce.

## CONCLUSIONS OF LAW

The issue for the determination of the court is whether the state court judgment for $12,800 against the debtor for the benefit of plaintiff was in the nature of alimony, maintenance or support pursuant to 11 U.S.C. § 523(a)(5). The leading case in the Sixth Circuit establishing the criteria for the bankruptcy court determination is contained in the case of *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983). As it applies to this case, the court in *Calhoun* requires that an inquiry be made to ascertain

1) whether the state court or the parties to the divorce *intended* to create an obligation to provide support;

2) whether the obligation has the *effect* of providing the support *necessary* to

ensure that the daily needs of the former spouse are satisfied;

3) that the amount of the obligation is not so excessive that it is manifestly unreasonable under traditional concepts of support;

4) if the amount of the obligation is excessive, how much of the obligation is reasonable and should be characterized as nondischargeable. 715 F.2d 1109–1110.

The first inquiry in this case is to determine the intent of the state court in awarding the judgment $12,800 in favor of the former spouse, plaintiff, against the debtor.

Did the state court intend to create an obligation to provide support? Unless that was the court's intent, the inquiry ends. Plaintiff contends the court intended to award alimony, maintenance or support. The debtor argues that the court did not intend to create a support obligation. This court agrees with the debtor's position.

The transcript of the May 19, 1986 hearing reveals that after division of personal property and real estate the court considered the $20,000 settlement from the automobile collision. The court deducted from the $20,000 the $1,600 repair to debtor's vehicle and $5,600 cash received by plaintiff from the settlement and awarded judgment for the balance of the settlement proceeds to Mrs. Harrison. The court stated that the debtor had the option of offering real estate to plaintiff in lieu of cash and if the real estate was not offered, the $12,800 was to remain a judgment. The transcript is silent concerning the needs for support by either party. Neither transcript nor the decree indicate that the Court considered the support needs of the wife or the ability of the husband to pay support.

It is apparent from the record that the Clark County Common Pleas Court intended to divide the property. The Court proceeded to divide the property as follows: Real estate and an automobile to the debtor and a 1975 Pontiac automobile and $12,800 to the plaintiff. The state court had before it parties of a two and a half year old marriage. The 33 year old wife had two

years of college nursing, had worked before the marriage but was incapacitated by the auto accident. To the profile of the wife, the court compared the 53 year old husband, who was receiving worker's compensation and suffered from epileptic seizures. The court awarded no installment alimony, nor gave any hint it considered need for support for the wife. No evidence of need for support and maintenance was submitted in this court on the part of either party. This court is satisfied that the state court intended to divide the property of the parties and proceeded to accomplish the division. The record fails to support the contention that the state court's order was an order for alimony, maintenance or support of the plaintiff.

This court, having found that the state court intended a property division, finds no purpose to consider the additional inquiries posed in the *Calhoun* case.

The Court finds that the judgment of $12,800 to plaintiff was in the nature of a property division and this debt is dischargeable in bankruptcy. The discharge of this debt affects the personal liability of the debtor only and not the validity of any lien against property of the debtor.

IT IS SO ORDERED.